# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATHEW NEISLER,

          Plaintiff,

      -vs-                                      Case No. 13-CV-821

ROBERT TUCKWELL, JAMES MUENCHOW,
and WILLIAM POLLARD,

          Defendants.

## SCREENING ORDER

The plaintiff, a Wisconsin state prisoner, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $20.50. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Complaint Allegations

The plaintiff is incarcerated at Waupun Correctional Institution (WCI). The defendants are all employed at WCI. Robert Tuckwell is the food service administrator, James Muenchow is an inmate complaint examiner, and William Pollard is the Warden.

On March 9, 2012, the plaintiff was injured while he was working as a

3

stockman in WCI's food service department. While unloading the food service elevator, a flatbed fell and knocked the plaintiff to ground, breaking his prosthetic leg in the process. The plaintiff sustained a one-inch laceration to the bottom of his amputated leg. He was transported to the Health Services Unit where it was determined that his prosthetic leg had to be sent off-site for repair. In the meantime, a temporary repair was done and the plaintiff was returned to his work assignment without restriction. He was forced to continue working with the broken prosthetic limb until July 25, 2012, when he was no longer able to walk and was placed on cell confinement.

On October 5, 2012, defendant Tuckwell notified the plaintiff that his food service employment was terminated for "medical reasons," effective October 1, 2012. The plaintiff received a medical classification report on October 15, 2012, officially changing his institution status to "no work" because he was "in no condition to accept a work assignment." (Compl. at 2.) The following day his compensation stopped. The plaintiff filed an inmate complaint on October 5, 2012, citing the extended time for treatment and requesting that compensation continue until he was able to return to work. Defendant Muenchow recommended that the inmate complaint be dismissed, and on November 27, 2012, defendant Pollard dismissed the inmate complaint.

The plaintiff claims that defendant Tuckwell failed to provide him with a safe place to work and that he is entitled to compensation under Wisconsin's worker compensation statute, Wis. Stat § 102.03. He also claims that defendant Tuckwell

4

discriminated against him when he terminated the plaintiff for "medical reasons," contrary to the Americans with Disabilities Act (ADA). According to the plaintiff, defendant Tuckwell knew that he was injured as a result of work and that the injury prevented the plaintiff from performing major life activities. The plaintiff also claims that defendants Muenchow and Pollard are liable because they failed to correct the violation of the plaintiff's rights after they became aware of it.

For relief, the plaintiff seeks $28,000 for the injury sustained in the accident and $25,750 for the discrimination, termination, and denial of compensation because of his disability. He also requests that the Court pursue criminal charges against the defendants.

As an initial matter, the Court does not have the authority to commence criminal charges against the defendants. The Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." *United States v. Nixon*, 418 U.S. 683, 693 (1974). The Court now turns to the substance of the plaintiff's claims.

The ADA states that individuals with disabilities cannot be discriminated against. See 42 U.S.C.A. § 12132 (2012). In *Pa. Dep't of Corr. v. Yeskey*, the Court held that the ADA extends to prison inmates. 524 U.S. 206, 213 (1998). To state a claim under the ADA, a plaintiff must allege that: 1) he is an individual with a disability; and 2) that he was discriminated against by a public entity. *See* § 12132. An individual has a disability when he has: (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as

5

having such an impairment. 42 U.S.C.A. § 12102(1)(A)-(C) (2009).

Here, the plaintiff's allegations that he was denied the opportunity to participate in an inmate program based upon his disability states a claims under the ADA. *See Mitchell v. Mass. Dep't of Corr.*, 190 F. Supp. 2d 204, 212 (D. Mass. 2002). In addition, while the plaintiff may be entitled to compensation for his injuries under Wisconsin's prisoner work compensation statute, he may be allowed and paid such compensation only upon release from prison. *See* Wis. Stat. § 303.21(1)(a). Thus, the plaintiff may not proceed on his state law claim.

Motion to Appoint Counsel

The plaintiff has filed a motion to appoint counsel. The Court has discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, the court must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 781 F.3d at 696 (citing *Pruitt*, 503 F.3d at 655). This inquiry focuses not only the plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

6

In this case, the plaintiff has not provided any indication that he has unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, the plaintiff's motion for appointment of counsel will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the

7

$329.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Prorgram, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Green Bay Correctional Institution and Waupun Correctional Institution and, therefore, if the plaintiff is no longer incarcerated at either institution, he will be required to submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.

8

Case 2:13-cv-00821-RTR   Filed 09/26/13   Page 8 of 9   Document 8

Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this \_\_\_\_\_ day of September, 2013.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**