# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MATHEW NEISLER,

          Plaintiff,

-vs-                                                  Case No.   13-CV-821

ROBERT TUCKWELL, JAMES MUENCHOW,
and WILLIAM POLLARD,

          Defendants.

## DECISION AND ORDER

The plaintiff has filed two identical motions for appointment of counsel. He asserts that his incarceration prevents him from conducting necessary discovery, i.e., interviewing and deposing witnesses. The defendants did not file any response to the plaintiff's motions.

Although civil litigants do not have a constitutional or statutory right to appointed counsel, the Court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question:

given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and uncomplicated. He is proceeding on a narrow claim against three defendants. Moreover, the plaintiff's filings indicate that he is capable of litigating this case himself. He has submitted several discovery requests to the defendants and the quality of the plaintiff's filing is very high. In addition, the fact that the parties recently filed a joint stipulation to extend the dispostive motion filing deadline reveals that the parties are working together in this action. Therefore, at this time, the court does not believe that the presence of counsel is likely to make a difference in the outcome of this case. Accordingly, the plaintiff's motions will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motions for appointment of counsel (Docket ## 14, 17) are **denied**.

Dated at Milwaukee, Wisconsin, this 31stday of March, 2014.

                                        **SO ORDERED,**

                                        **HON. RUDOLPH T. RANDA**
                                        **U. S. District Judge**